# United States Tax Court

T.C. Summary Opinion 2022-13

MARIBEL GONZALEZ,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

—————

Docket No. 1548-19S.                    Filed July 18, 2022.

—————

Maribel Gonzalez, pro se.

*Brandon M. Chavez*, for respondent.

SUMMARY OPINION

PANUTHOS, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated October 4, 2018, respondent determined a deficiency in petitioner's federal income tax of $5,499 and a section 6662(a) accuracy-related penalty of $1,099.80 for taxable year 2015 (year in issue).

———————

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[2] the issues for decision are:

(1)    whether petitioner is entitled to deduct car and truck expenses of $12,256 reported on Schedule C, Profit or Loss From Business, for the year in issue;

(2)    whether petitioner is entitled to deduct travel expenses of $1,800 reported on Schedule C for the year in issue; and

(3)    whether petitioner is entitled to deduct other expenses of $6,500 reported on Schedule C for the year in issue.

## *Background*

Some of the facts have been stipulated and are so found. We incorporate the Stipulation of Facts and the attached exhibits by this reference. The record consists of the Stipulation of Facts with attached exhibits and petitioner's testimony.

Petitioner resided in California when the Petition was timely filed.

## I.   *General*

In 2014 petitioner moved from the Los Angeles area to Palo Alto, California, so that her daughter could attend high school in Palo Alto. Petitioner was employed full time by Stanford University as a grants manager overseeing contracts for clinical trials. She described her work as involving finance and operations. Beginning in 2014 she became interested in starting a business in Los Angeles as a wholesaler, designing children's clothing. In 2014 and during the year in issue, she began working with a patternmaker in Los Angeles to make patterns and samples. At the end of the 2015 season, petitioner participated in a sample sale, receiving $1,200 in gross receipts.

## II.   *Petitioner's Travel*

During the year in issue, petitioner traveled to a patternmaker workshop in Los Angeles and Inglewood in southern California, approximately every other weekend from her residence in Palo Alto. She made the 400-mile trips (one way) by car. Petitioner would review the

---

[2] Respondent concedes that petitioner is not liable for the section 6662(a) accuracy-related penalty for the year in issue.

progress of the workshop, provide supplies, and give further direction to the patternmakers. Respondent allowed a deduction for a reported Schedule C expense for "Rent or Lease—Other Business Property" as well as for advertising and utilities. For at least one of these trips, she went to a wholesale market in Los Angeles to sell samples. Petitioner had family and friends living in the Los Angeles area and stayed with them during these trips. The primary purpose of the travel to Los Angeles was to engage in the wholesale clothing design.

III.    *Petitioner's Records*

Petitioner maintained limited personal and business records. She maintained a log on Excel of the days that she went to Los Angeles or Inglewood. To substantiate her expenses, petitioner submitted logs estimating the miles she traveled and related expenses. She also retained some receipts relating to two vehicle services dated March 2015 and March 2016.

IV.    *Petitioner's Tax Return*

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for the year in issue. Petitioner reported wages of $64,713 received from her employer. Petitioner reported gross receipts of $1,200 on her Schedule C. Her tax return for the year in issue also included:

| *Schedule C* | *Claimed* | *Disallowed* |
| --- | --- | --- |
| Advertising | $140 | – |
| Other business property | 15,800 | – |
| Car and truck expenses | 12,256 | $12,256 |
| Travel expenses[3] | 1,800 | 1,800 |
| Other expenses | 6,500 | 6,500 |
| Utilities | 4,000 | – |

---

[3] Petitioner calculated the travel expense deduction using a federal per diem rate for the city in which the workshop was located. *See* Rev. Proc. 2011-47, 2011-42 I.R.B. 520.

On October 4, 2018, respondent issued a Notice of Deficiency to petitioner for the year in issue, disallowing her Schedule C deductions for car and truck expenses, travel expenses, and other expenses.

*Discussion*

I.      *Burden of Proof*

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[4] Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that she is entitled to any deduction claimed. *See* Rule 142(a); *Deputy v. du Pont*, 308 U.S. 488, 493 (1940); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). If the taxpayer is able to establish that he or she paid or incurred a deductible expense but is unable to substantiate the precise amount, the Court generally may approximate the deductible amount, but only if the taxpayer presents sufficient evidence to establish a rational basis for making the estimate. *See Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930).

II.     *Schedule C Business Expenses*

Section 162 generally allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." *Boyd v. Commissioner*, 122 T.C. 305, 313 (2004). The taxpayer bears the burden of proving that expenses were of a business nature rather than personal and that they were ordinary and necessary. Rule 142(a); *Welch v. Helvering*, 290 U.S. at 115.

Section 162(a)(2) allows taxpayers to deduct traveling expenses if they are: (1) ordinary and necessary, (2) incurred while away from home, and (3) incurred in the pursuit of a trade or business. *See Commissioner v. Flowers*, 326 U.S. 465, 470–72 (1946). A taxpayer's "home" is generally considered to be his or her regular or principal place of business. *Mitchell v. Commissioner*, 74 T.C. 578, 581 (1980). When a

---

[4] Pursuant to section 7491(a), the burden of proof may shift to the Commissioner if the taxpayer introduces credible evidence with respect to any factual issues relevant to ascertaining the taxpayer's tax liability. Because petitioner has not alleged or shown that section 7491(a) applies, the burden of proof remains on her.

taxpayer engages in business at multiple posts, his tax home is where he spends most of his time, engages in most of his business activity, and derives the greater proportion of his income. *See Folkman v. United States*, 615 F.2d 493, 496 (9th Cir. 1980) (citing *Markey v. Commissioner*, 490 F.2d 1249, 1255 (6th Cir. 1974), *rev'g* T.C. Memo. 1972-154).[5]

The record supports Palo Alto as petitioner's principal place of business, and her tax home. Petitioner worked full time in Palo Alto as a grants manager, where she earned most of her income. She traveled roughly every two weeks from Palo Alto to Los Angeles to conduct business relating to the production of children's clothing. Accordingly, we conclude that petitioner's tax home was Palo Alto and that her time in Los Angeles was time spent away from home in pursuit of a business. Given respondent's allowance of petitioner's other business expenses and petitioner's credible testimony, we are satisfied that the related reported expenses satisfy section 162 as ordinary and necessary for her business in wholesale clothing design.

A.    *Car and Truck Expenses*

Petitioner deducted car and truck expenses totaling $12,256 for the year in issue, all of which respondent disallowed.

Certain expenses, including vehicle and travel expenses, require strict substantiation, through adequate records or by sufficient evidence corroborating the taxpayer's own statement, of the amount, time, place, and business purpose of these expenditures. § 274(d). Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Treas. Reg. § 1.274-5(c)(2)(iii); Temp. Treas. Reg. § 1.274-5T(c)(2). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required element. Temp. Treas. Reg. § 1.274-5T(c)(3).

---

[5] *See also Hoeppner v. Commissioner*, T.C. Memo. 1992-703; *cf. Andrews v. Commissioner*, 931 F.2d 132, 138 (1st Cir. 1991) (considering the length of time spent at each location to be determinative of the taxpayer's principal place of business), *vacating and remanding* T.C. Memo. 1990-391.

Petitioner submitted a mileage log detailing the dates traveled, distances traveled, and the purpose of each trip. She also submitted vehicle service receipts corroborating the miles driven. Petitioner testified credibly to the business nature of her trips. As previously indicated, respondent did not disallow claimed deductions for rent or lease of business property as well as advertising and utilities. Given respondent's allowance of petitioner's other business expenses, we are satisfied that the reported vehicle expenses satisfy section 162 as ordinary and necessary business expenses. Further, we find that petitioner has met the strict substantiation requirement under section 274(d).

Accordingly, we conclude that petitioner is entitled to deduct $12,256 in car and truck expenses for the year in issue.

B.    *Travel Expenses*

Petitioner deducted travel expenses totaling $1,800 for the year in issue, all of which respondent disallowed.

A self-employed individual can deduct meal and incidental expenses computed at the federal standard per diem rate for the locality of travel for each calendar day of travel away from home. *See* Rev. Proc. 2011-47, § 1, 2011-42 I.R.B. at 520. This amount is deemed substantiated for purposes of section 274(d) provided the taxpayer can substantiate the time, place, and business purpose of travel. *See* Temp. Treas. Reg. § 1.274-5T(b)(2), (c); Rev. Proc. 2011-47, § 4, 2011-42 I.R.B. at 522–23.

Petitioner submitted a log estimating her claimed meals and incidental expenses using the federal standard per diem rate for Los Angeles. The record demonstrates that petitioner established the time, place, and business purpose of her travel. She is not required to strictly substantiate expenses under section 274(d) for expenses computed using the federal standard per diem rate. While self-employed individuals may not use the federal standard per diem rate to substantiate lodging expenses, petitioner testified she did not incur nor include any lodging expenses. *See* Rev. Proc. 2011-47, § 1.

Accordingly, petitioner is entitled to deduct $1,800 in travel expenses for the year in issue.

C.     *Other Business Expenses*

Petitioner claimed other business expense deductions totaling $6,500 for the year in issue, all of which respondent disallowed.

Petitioner asserts she is entitled to deduct, under other business expenses, payments she made to her patternmaker for her business. Petitioner testified at trial that she paid the patternmaker in installments, when she could, over the course of the year in issue. The submitted invoice states that payments were made by "cashier check" for a set of "25 patterns" to a workshop in Los Angeles. From the record the Court is unable to determine when the payments were made, or for what purpose. Petitioner did not submit any further receipts or documentation of installment payments.

Accordingly, petitioner is not entitled to deduct other business expenses for the year in issue. Respondent's determination is sustained.

We have considered all arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*